UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
HAGI JAITEH,

Plaintiff, Docket No.

-against- VERIFIED ANSWER

RAJINDER S. GILL,

Defendant.
---------------------------------------------------------------------X

Defendant, RAJINDER S. GILL, by his attorneys, CARMAN, CALAHAN & INGHAM, LLP, as and for his Answer to the Plaintiff's Complaint, respectfully sets forth and alleges, upon information and belief, as follows:

1. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nos.1 and 4 of the Plaintiff's Complaint.

2. Defendant admits the allegations contained in Paragraph Nos. 2 and 3 of the Plaintiff's Complaint.

3. Defendant denies each and every allegation contained in Paragraphs Nos. 5, 6, 7, 8, 9, 11 and 12 of the Plaintiff's Complaint.

4. Defendant denies each and every allegation contained in Paragraph No. 10 and respectfully refers all questions of law to the Court at the time of trial.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Plaintiff's Cause of action is barred by Article 51, Section 5104 of the Insurance Law of the State of New York.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

That Plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

The Plaintiff did not sustain serious and permanent injuries as defined by Section 5102 of the Insurance Law of the State of New York, and her exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

That whatever injuries and/or damages were sustained by the Plaintiff at the time and place alleged in the Complaint were in whole or in part the result of the Plaintiff's own culpable conduct.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

That any damages sustained by the Plaintiff were caused by the culpable conduct of the Plaintiff, including contributory negligence or assumption of risk, and not by the culpable conduct of this answering defendant.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

That this action should be dismissed due to the insufficiency of process.

**AS AND FOR SEVENTH AFFIRMATIVE DEFENSE**

That this action should be dismissed since this Honorable Court lacks jurisdiction over the person of this Defendant due to the lack of minimum contacts with this forum.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

This Honorable Court lacks in personam jurisdiction over this answering Defendant, as they were not properly served pursuant to the Federal Rules of Civil Procedure.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

This action should be dismissed since the Complaint fails to state a claim against this Defendant upon which relief can be granted.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

That whatever injuries and/or damages were sustained by the Plaintiff at the time and place alleged in the Complaint, were the result of the Plaintiff's assumption of risk, in realizing and knowing the hazards and dangers thereof and that they assumed all the risks necessarily incidental to such an undertaking.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

That the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted against this answering Defendant.

**AS AND FOR A TWELFTH AFFFIRMATIVE DEFENSE**

That any verdict in the within action for past, present, and future medical care, dental care, custodial care, or rehabilitation services, loss of earning or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part from any collateral source, in accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

That the Plaintiff has failed to mitigate his damages as required by law.

WHEREFORE, Defendant, ELRAC, INC., d/b/a ENTERPRISE RENT-A- CAR demands judgment dismissing the Plaintiff's Complaint herein, together with the costs and disbursements of this action.

Dated: Farmingdale, New York
June 26, 2008

Yours, etc.

CARMAN, CALLAHAN & INGHAM, LLP
By: [signature]
Stephanie L. Boden, Esq.(3289)
Attorneys for Defendant
266 Main Street
Farmingdale, New York 11735
(516) 249-3450
Our File No. 2605-41

TO:
EDELMAN, KRASIN & JAYE, ESQS.
Attorneys for Plaintiff
One Old Country Road, Suite 210
Carle Place, NY 11514
(516) 742-9200
EKJ: 2110 (jps)

**VERIFICATION**

STATE OF NEW YORK

COUNTY OF NASSAU

Stephanie L. Boden, Esq., an attorney duly admitted to practice before all the Courts of the State of New York, affirms the following under the penalties of perjury:

That she is a member of the firm of CARMAN, CALLAHAN & INGHAM, LLP the attorneys of record for the defendant in the within action. That she has read the foregoing Answer and knows the contents thereof. That the same is true to her own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, she believes them to be true.

Affirmant further states that the source of information and the grounds of belief as to all matters therein not stated upon his knowledge are: correspondence had with the said defendant which are in affirmant's possession and other pertinent data relating thereto.

Affirmant further states that the reason why this Verification is made by affirmant and not by said defendant is that said defendant is not within the County of Nassau, the County wherein affirmant has her office.

Dated: Farmingdale, New York
June 26, 2008

Stephanie L. Boden

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

HAGI JAITEH,

Plaintiff,

-against-

RAJINDER S. GILL,

Defendant.

----------------------------------------------------------------------X

NOTICE TO TAKE DEPOSITION

**COUNSELORS :**

PLEASE TAKE NOTICE, that the Defendant, RAJINDER S. GILL will take the deposition of each other party to this action, upon oral examination, pursuant to CPLR Article 31 at:

Date: September 26, 2008
Time: 10:00 a.m.
Place: 266 Main Street
Farmingdale, NY 11735

PLEASE TAKE FURTHER NOTICE, that each party then and there to be examined is required, pursuant to CPLR 3111, to produce all books, papers and other things in the possession, custody or control of such party to be marked as exhibits, and used on the examination.

Dated: Farmingdale, New York
June 26, 2008

Yours, etc.

CARMAN, CALLAHAN & INGHAM, LLP
By: ______________________
Stephanie L. Boden, Esq. (3289)
Attorneys for Defendant
266 Main Street
Farmingdale, New York 11735
(516) 249-3450
Our File No. 2605-41

TO:
EDELMAN, KRASIN & JAYE, ESQS.
Attorneys for Plaintiff
One Old Country Road, Suite 210
Carle Place, NY 11514
(516) 742-9200
EKJ: 2110 (jps)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
HAGI JAITEH,

Plaintiff,

-against-

RAJINDER S. GILL,

Defendant.
----------------------------------------------------------------------X

REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

COUNSELORS :

PLEASE TAKE NOTICE, that pursuant to Rule 34 of the Federal Rules of Civil Procedure the undersigned attorneys demand that you furnish the following items:

1. Copies of all medical records, reports, diagnoses, prognoses, as well as hospital records, x-rays, charts and duly executed authorizations to examine any and all of the aforementioned for all treating hospitals, doctors and/or other medical persons.

2. A copy of any statement given by or on behalf of any answering defendant serving this demand.

3. The names and addresses of each person known or claimed by you or any party you represent in this action to be a witness to:

    a. the occurrence alleged in the Complaint in this action; and/or

    b. any acts, omissions, or conditions which allegedly caused the occurrence alleged in the Complaint; and/or

    c. any actual notice allegedly given to the defendant answering herein of any condition which allegedly caused the occurrence alleged in the Complaint; and/or

    d. the nature and duration of any alleged condition which allegedly caused the occurrence alleged in the Complaint.

4. A complete copy of the Plaintiff's employment and/or school records for the two years prior and subsequent to the alleged occurrence, and a duly executed authorization allowing the obtaining of the aforementioned.

5. Photographs of the scene of the alleged occurrence and/or any defective and/or dangerous condition claimed to have existed thereat.

6. A verified statement identifying by name of issuing company, name of insured, policy number, policy period, and limits of liability of all insurance agreements, including, but not limited to policies of excess liability insurance under which an insurance business may be liable to satisfy part of or all of a judgment which may be entered against the Defendant in this action, or to indemnify or reimburse Defendant for payments made to satisfy the judgment.

7. The names and addresses of each party and attorney appearing in this action.

PLEASE TAKE FURTHER NOTICE that upon failure to Comply with this demand, the Plaintiff will be precluded at the trial of the within action from offering in evidence or testifying as to any of the items requested herein.

Dated: Farmingdale, New York
June 26, 2008

Yours, etc.

CARMAN, CALLAHAN & INGHAM, LLP
By: [signature]
Stephanie L. Boden, Esq. (3289)
Attorney for Defendant
266 Main Street
Farmingdale, New York 11735
(516) 249-3450
Our File No. 2605-41

TO:

EDELMAN, KRASIN & JAYE, ESQS.
Attorneys for Plaintiff
One Old Country Road, Suite 210
Carle Place, NY 11514
(516) 742-9200
EKJ: 2110 (jps)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
HAGI JAITEH,

Plaintiff,

-against-

**INTERROGATORIES**

RAJINDER S. GILL

Defendant.
----------------------------------------------------------------------X
COUNSELORS :

PLEASE TAKE NOTICE, that pursuant to Rule 33 of the Federal Rules of Civil Procedure, demand is hereby made that the Plaintiff answer under oath, the interrogatories hereinafter set forth, within thirty (30) days, and submit copies of the statements, reports, and records requested:

1. State your full name, date and place of birth, social security number and residence during the past five years.

2. State whether you are married or single, and if married, give the full name of your spouse and his or her address, if not the same as your own and the reason for the different addresses.

3. State the particular acts and/or omissions constituting the alleged negligence of the defendant, including the date, time and location of the alleged negligent behavior.

4. State the Title, including Chapter and Section, of each and every Statute, Ordinance, Regulation, and Rule claimed to have been violated by the defendant.

5. State whether plaintiff's or anyone acting on behalf of plaintiff's obtained from any person or persons, any report, statement, memorandum or testimony concerning the accident involved in this cause of action, and if so state:

   a. the name, last known address and present whereabouts, if known, of said person;

b. when, where and by whom each such report, statement, memorandum, or testimony was obtained or made; and

c. where each is located.

6. State the name and last known address and present whereabouts, if known, of each person whom you or anyone acting in your behalf knows or believes to have witnessed the said accident.

7. State whether plaintiff or any representative of plaintiff obtained an oral or written statement of the accident from defendant.

8. State whether such statement contained facts concerning the manner, place, time, or cause of the happening of the accident, and if so, state:

a. When, and by whom such statement was obtained, giving last known address and present whereabouts, if known, of all persons named and indicate where and in whose possession such statement is now.

9. State whether the plaintiff or any representative of the plaintiff are in possession of any photographs of the locale or surrounding area of the site of the accident or any other matters or things involved in this accident.

10. Describe in detail, the injuries sustained by the plaintiff as a result of the alleged accident, including all marks and which part or parts of the body affected, and set forth those claimed to be permanent.

11. State in what respect Plaintiff sustained a serious injury or suffered basic economic loss as defined under Sections 5102 and 5104 of the New York State Insurance Law.

12. If the plaintiff received treatment and/or examination at any hospital or hospitals, describe such treatment, giving the name and address of each hospital, the date, and whether received as an in-patient or as an out-patient.

13. If the plaintiff was treated an/or examined by a physician or health care provider, list the names and addresses of all who treated and/or examined plaintiff and their respective specialty.

14. If the plaintiff was treated by a physician or physicians as a

result of the alleged accident, list the number of treatments given, the dates as far as possible, including in particular, the first time and the last time plaintiff's saw said physician or physicians.

15. If the plaintiff sustained any physical injuries, through accidents, illnesses, or diseases for the three years prior and/or subsequent to this accident, state:

    a. the nature and cause of said injuries, illness, etc., and

    b. the name and address of each doctor who attended the plaintiff and/or the name and address of the hospital or hospitals where the plaintiff's were treated.

16. If at the time of the alleged accident, the plaintiff was engaged in a gainful occupation, describe the occupation, stating by whom employed; in what capacity; and the wages or salary that plaintiff was receiving at that time.

17. If the plaintiff is working at the present time, state the wages or salary plaintiff is receiving for such work, and the name and address of plaintiff's' employer.

18. If the plaintiff was incapacitated from work as a result of the alleged accident, state the dates between which plaintiff was so incapacitated.

19. If the plaintiff claims to have suffered financial loss as a result of the alleged accident, state in what amount, itemizing the following:

    a. Doctors' bills
    b. Nurses' bills
    c. Hospital expenses
    d. Medical Supplies
    e. X-rays and/or MRIs
    f. Loss of wages, salary.

20. If the plaintiff or anyone acting in their behalf at any time received any medical, hospital or x-ray/MRI reports for any hospital or physician concerning the injuries to the plaintiff, alleged to have been caused by the said accident, state:

    a. the date of each;

    b. where and from whom such reports were received;

c. what type of reports were received in each instance (written or oral, medical, x-ray, hospital, etc.); and

d. the name and address of the place or custody of each report;

21. If the plaintiff was self-employed at the time of the incident referred to in the Complaint, state:

a. the nature of plaintiff's work;

b. Plaintiff's business addresses;

c. Plaintiff's average weekly earnings for the three years preceding the accident;

d. the amount reported in plaintiff's income tax return as income for the three years preceding the accident;

e. the time lost from plaintiff's business;

f. the amount of business lost as a result of this accident;

g. the name and address of the amount for said company and/or the plaintiff's; and

h. state the name and address of the person and/or entity who assisted in the preparation of any and all books, ledgers, and tax papers filed either by the company which employed the plaintiff's and/or the plaintiff's personally.

22. State the names and addresses of any and all proposed expert witnesses, and the technical field in which you claim they are an expert.

23. Do you intend to rely upon any technical, expert or medical text in your cross-examination of this defendant expert? If so, state:

a. The exact title of each text upon which plaintiff's intend to rely;

b. the name and address of the publisher of such text;

c. the date upon which each such text was published; and

d. the name of the author of each such text.

24. State whether plaintiff made a claim for benefits under any medical plan or policy of insurance relating to injuries described in the Complaint, and if so, state:

a. the name of the insurance company or organization to whom said claim was made;

b. the date of the claim or application;

c. the claim number and policy number;

d. the amount of said claim or claims; and

e. the amount received on said claim or claims.

PLEASE TAKE FURTHER NOTICE, that these interrogatories shall be deemed continuing so as to require supplemental answers and submission of further statements, reports, or records, if plaintiff obtains additional information, statements, reports, and records of a character called for by the Interrogatories between the time these Interrogatories are answered and the time of trial.

Dated: Farmingdale, New York
June 26, 2008

Yours, etc.

CARMAN, CALLAHAN & INGHAM, LLP
By: Stephanie L. Boden

Stephanie L. Boden, Esq.
Attorneys for Defendant (3289)
266 Main Street
Farmingdale, New York 11735
(516) 249-3450
Our File No. 2605-41

TO:

EDELMAN, KRASIN & JAYE, ESQS.
Attorneys for Plaintiff
One Old Country Road, Suite 210
Carle Place, NY 11514
(516) 742-9200
EKJ: 2110 (jps)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK)
) ss.:
COUNTY OF NASSAU )

MARYANN CORAPI, being duly sworn says: I am not a party to the action, am over 18 years of age and reside in the State of New York.

On the 26th day of June 2008, I served a true copy of the annexed Verified Answer, Affirmative Defenses, Combined Demands, Interrogatories and Notice To Take Deposition, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known addresses of the addressees as indicated below:

EDELMAN, KRASIN & JAYE, ESQS.
Attorneys for Plaintiff
One Old Country Road, Suite 210
Carle Place, NY 11514
(516) 742-9200

Maryann Corapi
MARYANN CORAPI

Sworn to before me this
26 day of June 2008

Stephanie L Boden
Notary Public

STEPHANIE L. BODEN
Notary Public, State of New York
No. 02BO6002283
Qualified in Nassau County
Commission Expires February 02, 2010